

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE TRI-STATE ETHANOL COMPANY, LLC, | * * * | CIV 07-1013 |
| Debtor, | * * | |
| TRI STATE FINANCIAL, LLC, | * * | |
| Appellant, | * * | |
| -vs- | * * | OPINION AND ORDER |
| JOHN S. LOVALD, TRUSTEE, and AMERICAN PRAIRIE CONSTRUCTION COMPANY, f/k/a NORTH CENTRAL CONSTRUCTION, INC., | * * * * * | |
| Appellees. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to 28 U.S.C. §158(a), Tri-State Financial LLC ("TSF") filed and served a notice of appeal from the June 19, 2007, Order and 2007 Decision of the bankruptcy court granting trustee John S. Lovald's motion to approve compromise agreement with American Prairie Construction Co., f//k/a North Central Construction, Inc. ("NCC") which approved the attendant compromise agreement.

TSF has attempted to raise again numerous matters already resolved by this court and which issues are now before the United States Court of Appeals for the Eighth Circuit. This is simply "cluttering up the record." I do not intend to rule again on matters as to which I have already ruled.

The settlement agreement called for the trustee to pay NCC $2,000,000 in exchange for all claims of NCC against the bankruptcy estate. In addition, the Trustee agreed to release all claims of the estate against NCC. The Trustee had already paid and settled separately with a sub-contractor of NCC, Interstate Engineering and Electric, Inc. ("IEE"). The amount of the payment directly to IEE was at least $500,000 although TSF claims it was in effect more than $500,000.

This court has ruled in a breach of contract case brought by NCC against TSF and John Hoich that TSF and Hoich are jointly and severally liable to NCC in the amount of $2,500,000 plus prejudgement interest and costs. If the court ruled correctly in that separate action, it would make no sense for NCC to be paid $2,000,000 by the trustee since NCC would be recovering, in effect, double damages. Any such settlement and payment clearly would not be in the best interests of the bankruptcy estate.

The matter may be complicated by the fact that Hoich and TSF may well appeal my judgment in the other case. If such judgment were to be overturned on appeal, it could well be unjust and erroneous to set aside the settlement between the Trustee and NCC.

The order of Judge Hoyt approving the compromise settlement should be set aside and this matter should be remanded to the bankruptcy court to consider and decide the following issues: (1) should the proposed settlement between the Trustee and NCC now not be allowed or be allowed only upon certain conditions being fulfilled, this to be based upon what the final judgment is in the "companion" case, CIV 04-1016; (2) what must be done to ensure that Hoich and TSF receive the "benefit of the bargain" struck with NCC before Judge Hoyt in open court; and (3) what other and different relief should be granted or awarded among the parties.

Now, therefore,

IT IS ORDERED, as follows:

(1) The June 19, 2007, Order and 2007 Decision of the bankruptcy court granting trustee John S. Lovald's motion to approve compromise agreement with American Prairie Construction Co., f//k/a North Central Construction, Inc. ("NCC") is reversed and set aside.

(2) This matter is remanded to the bankruptcy court, the Honorable Irvin Hoyt, for further action consistent with this remand and the order and opinion above.

(3) All requests for oral argument are denied.

Dated this 27th day of December, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
(SEAL)

2